Approved: _____     ORIGINAL
          SAGAR K. RAVI
          Assistant United States Attorney

Before:   THE HONORABLE DEBRA FREEMAN
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**

        - v. -                      :    Violations of 18 U.S.C.
                                         §§ 1343, 1349 and 2
EVANDRO DOS REIS JR.,               :

                                         COUNTY OF OFFENSE:
                  Defendant.        :    NEW YORK

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:     **15 MAG 2895**

        CHRISTOPHER S. DELZOTTO, being duly sworn, deposes and
says that he is a Special Agent with the Federal Bureau of
Investigation, and charges as follows:

COUNT ONE
(Conspiracy to Commit Wire Fraud)

        1.    From at least in or about February 2014, up to and
including at least in or about July 2015, in the Southern
District of New York and elsewhere, EVANDRO DOS REIS JR., the
defendant, and others known and unknown, willfully and
knowingly, did combine, conspire, confederate, and agree
together and with each other to commit wire fraud, in violation
of Title 18, United States Code, Section 1343.

        2.    It was a part and object of the conspiracy that
EVANDRO DOS REIS JR., the defendant, and others known and
unknown, willfully and knowingly, having devised and intending
to devise a scheme and artifice to defraud, and for obtaining
money and property by means of false and fraudulent pretenses,
representations, and promises, would and did transmit and cause
to be transmitted by means of wire, radio, and television
communication in interstate and foreign commerce, writings,
signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, and by such conduct, would

and did affect a financial institution, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Wire Fraud)

3.    From at least in or about February 2014, up to and including at least in or about July 2015, in the Southern District of New York and elsewhere, EVANDRO DOS REIS JR., the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, and by such conduct, did affect a financial institution, to wit, DOS REIS submitted fraudulent wire transfer instructions with respect to funds in a a brokerage account at a financial institution by means of false and fraudulent pretenses and representations transmitted through email using the Internet.

(Title 18, United States Code, Sections 1343 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4.    I am a Special Agent with the Federal Bureau of Investigation, and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.    Based on my conversations with representatives of a financial institution headquartered in New York, New York (the "Firm") and my review of documents and records from the Firm, I have learned, among other things, the following:

2

a. Since at least in or about 2012, a Brazilian company (the "Client") held a brokerage account in the name of the Client (the "Client Account") with the Firm. The Client's contact for the Client Account was listed in the name of a Client employee ("Client Employee-1") with a contact email ending in the domain "@[Client].com.br."

b. From at least in or about January 2013, up to and including in or about June 2014, there had been no trading activity in the Client Account, which had deposits totaling approximately $752,000 in cash during that period.

c. On or about December 16, 2013, Client Employee-1 sent an email from the domain "@[Client].com.br." to the Firm that stated the following, in substance and in part: "I'm writing about the balance of our account with [the Firm]. We want to bring the money back to Brasil and close our account since we are longer trading." The Firm responded, in substance and in part, that the Firm would need a letter or document identifying the authorized individuals that could take such action on behalf of the Client Account.

d. Beginning in or about June 2014, the Firm began remediating accounts that were missing certain documentation, including the Client Account. On or about June 19, 2014, a managing director at the Firm ("Firm Employee-1") instructed EVANDRO DOS REIS JR. ("DOS REIS"), the defendant, who was a senior vice president at the Firm in Chicago, Illinois at the time, to contact the Client in order to obtain the missing documentation for the Client Account.

e. On or about June 20, 2014, DOS REIS received an email in his Firm email account containing certain account information regarding the Client Account, including the account number, opening date, account name, mailing address, legal address, and phone number. Approximately two hours after receiving this email, DOS REIS forwarded the email containing the Client Account information to his personal email account ending in the domain "@gmail.com" (the "DOS REIS Personal Email Account").

f. Subsequently, on or about June 20, 2014, DOS REIS represented to several of the Firm's employees, including a senior vice president in New York, New York ("Firm Employee-2"), that DOS REIS was in contact with the Client. For example, DOS REIS emailed Firm Employee-2 stating, in substance and in part, that DOS REIS had spoken with the Client's money manager. DOS

3

REIS also asked Firm Employee-2, in substance and in part, the following questions in the same email: (1) Is the Client receiving any type of communications from the Firm?; (2) Is the Firm sending the Client statements?; (3) What is required for the Client to start trading again?; and (4) What if the Client asks for a wire? Firm Employee-2 responded to DOS REIS's email by stating, in substance and in part, that the Client had no web access to the Client Account, was not receiving email statements, and that Firm Employee-2 assumed that the Client had been receiving monthly statements in the mail to an address in Brazil.

g.     Subsequently, on or about June 20, 2014, DOS REIS emailed Firm Employee-2 asking, in substance and in part, whether Firm Employee-2 could confirm that the Firm was sending statements to the Client and when the last statement was sent out.    DOS REIS also informed Firm Employee-2, in substance and in part, that the Client would like to know the exact amount of money in the Client Account and what was required to wire the money to the Client's bank account in Luxembourg.   Firm Employee-2 confirmed the same day that statements had been mailed to the Client and that the last statement was mailed in June.   In addition, Firm Employee-2 informed DOS REIS, in substance and in part, that there was $752,384.57 in the Client Account, that a request with banking instructions should be sufficient to initiate a wire transfer, and that the Firm did not have an authorized signature list for the Client so a request on the Client's letterhead would be ideal.

h.     On or about June 25, 2014, DOS REIS received an email from an email address (the "Client Email Account") that appeared to contain the name of a Client employee ("Client Employee-2"), which stated the following, in substance and in part:   "Dear Evandro, Please follow the instructions of the attached file. BR."[1]   The attached file purports to be a letter on the Client's letterhead stating the following, in substance and in part:   "To [the Firm] Please, I would like you to wire all cash balance in my account:   [Client name and Client Account number], according to the instructions below. . . . Please also close my account after wire is done.  Thank you.  Sincerely, [purported signature of Client Employee-2]" (the "June 25 Wire Instructions").   The June 25 Wire Instructions directed that the

---

[1] This email appears to have been intended to create the impression that it was sent by Client Employee-2 on behalf of the Client, but the initials of Client Employee-2 in the signature of the email were in the wrong order.

4

funds in the Client Account be transferred to an account in the name of "Carrol Gardens LTD" ("Bank Account-1") at a bank with a main office in New York, New York ("Bank-1"). DOS REIS responded to the Client Email Account stating, in substance and in part, that DOS REIS would send the instructions "right away to my client service area." As set forth below, Client Employee-2 was not authorized to sign documents on behalf of the Client and the June 25 Wire Instructions were falsified and contained a forged signature for Client Employee-2. Accordingly, I believe that an individual falsely claiming to be Client Employee-2 created and used the Client Email Account in order to transmit the falsified June 25 Wire Instructions to DOS REIS.

        i.    Subsequently, on or about June 25, 2014, DOS REIS forwarded the June 25 Wire Instructions to Firm Employee-2 and stated, in substance and in part, that DOS REIS thought the swift code or ABA routing number was missing from the instructions and that DOS REIS would request· that the instructions be resent following the standard wire format.   Firm Employee-2 responded to DOS REIS asking, in substance and in part, who "Carrol Gardens, Ltd" was, and stating that the funds needed to be paid to an account in the name of the Client.   DOS REIS subsequently emailed the Client Email Account the same day and stated the following, in substance and in part:   "Please redo the letter with the complete wire instructions like below: . . . FFC:  (if for further credit of . . . it might be he [sic] '[Client] Com. Ind.', or whatever your banker provides."

        j.    On or about June 26, 2014, DOS REIS received an email from "[first name of Client Employee-2] @[Client]indcom.com.br" (the "Client-indcom Email Account") that stated the following, in substance and in part:   "Dear Evandro, I'll be providing instructions to wire transfer the total amount deposited at [the Client's] account at [the Firm] in the next 15 days and asking yourselves the kindness of closing it right after the wire transfer is completed and balance is zeroed. Best wishes, [Client Employee-2]."   DOS REIS responded to the Client-indcom Email Account by stating, in substance and in part, that DOS REIS would wait for the instructions.   As set forth further below, I understand that the domain for the Client's email addresses is "@[Client].com.br" and not the domain "@[Client]indcom.com.br."   Accordingly, I believe the Client-indcom Email Account was used in order to create the false impression that emails sent from the Client-indcom Email Account were sent on behalf of the Client by Client Employee-2.

k.     On or about July 2, 2014, DOS REIS received an email from the Client-indcom Email Account that stated the following, in substance and in part:  "Evandro just to ratify here from one week we'll be wire transfering [sic] total amount of [CLIENT] IND COM and then proceed to closing the account Best Regards, and thanks for the prompt support, [first two initials and last name of Client Employee-2]."  DOS REIS responded to the Client-indcom Email Account with the following, in substance and in part:  "Agreed . . . Tks."

l.     On or about July 15, 2014, DOS REIS received another email from the Client-indcom Email Account that stated the following, in substance and in part: "DEAR EVANDRO PLEASE FOLLOW THE INSTRUCTIONS ACCORDING TO THE ATTACHED FILE BEST REGARDS [last name of Client Employee-2]."  Similarly to the June 25 Wire Instructions, the attached file purports to be a letter on the Client's letterhead stating the following, in substance and in part:  "To [the Firm] Please, I would like you to wire all cash balance in my account: [Client name and Client Account number], according to the instructions below. . . . Please also close my account after wire is done.  Thank you. Sincerely, [purported signature of Client Employee-2]" (the "July 15 Wire Instructions").  The July 15 Wire Instructions directed that the funds in the Client Account be transferred to an account in the name of "[CLIENT] COM. IND." ("Bank Account-2") at a bank in Luxembourg ("Bank-2").  DOS REIS responded to the Client-indcom Email Account by writing "Will do."

m.     On or about July 15, 2014, DOS REIS forwarded the July 15 Wire Instructions to Firm Employee-2 and requested that Firm Employee-2 execute the wire instructions and close the Client Account.

n.     Firm Employee-2 subsequently initiated the execution of the the July 15 Wire Instructions (the "July 15 Wire Transfer"), and the $752,384.57 in the Client Account was transferred to Bank Account-2 at Bank-2 in Luxembourg.

o.     On or about March 27, 2015, the Firm terminated DOS REIS's employment at the Firm as a result of a restructuring.

p.     On or about May 11, 2015, Client Employee-1 advised the Firm, in substance and in part, that Client Employee-2 worked at the Client but that the June 25 Wire Instructions and July 15 Wire Instructions were falsified and that the signature of Client Employee-2 in both documents was

6

forged. Furthermore, Client Employee-1 advised that Client Employee-2 was not authorized to sign any documents for the Client.

6. Based on my conversations with Client-Employee-2, I have learned, among other things, the following:

a. Client Employee-2 has never been authorized to initiate wire transfers on behalf of the Client and has never initiated wire transfers on behalf of the Client.

b. Client Employee-2 did not create the Client Email Account and has never used the Client Email Account.

c. Client Employee-2 did not create the Client-indcom Email Account and has never used the Client-indcom Email Account.

d. Client Employee-2 did not sign the June 25 Wire Instructions or the July 15 Wire Instructions.

e. The signature of Client-Employee-2 on the June 25 Wire Instructions and the July 15 Wire Instructions does not belong to Client Employee-2 and was forged.

f. Client Employee-2 has never interacted with EVANDRO DOS REIS JR., the defendant.

7. Based on my conversations with Client Employee-1 and another Client employee ("Client Employee-3"), I have learned, among other things, the following:

a. Client Employee-1 and Client Employee-3 were the only employees of the Client that would have interacted with the Firm regarding the Client Account.

b. The Client did not initiate any wire transfers with respect to the funds in the Client Account.

c. Other than the Client Account, the Client does not have any bank or brokerage accounts outside of Brazil and does not have any accounts in Luxembourg.

d. The Client has never interacted with EVANDRO DOS REIS JR., the defendant.

e.    The Client's email addresses have the domain name
"@[Client].br.com."   The Client does not have email addresses
with the domain name "@[Client]indcom.com.br."

f.    The Client never received the funds wired from
the Client Account to Bank-2 and is currently working to locate
the funds.

8.    Based on my investigation of Bank Account-1 at Bank-1
in New York, I have learned the following:

a.    Bank Account-1 was held in the name of a British
Virgin Islands ("BVI") company.

b. Bank  Account-1  was  beneficially  owned  by  an
individual who has been a business associate of DOS REIS since
at least in or about October 2013.

c. Bank  Account-1  was  closed  on  May  29,  2015,
approximately 18 days after the Client advised the Firm that the
July 15 Wire Instructions were falsified.

9.    Based on my investigation of Bank Account-2 at Bank-2
in Luxembourg, I have learned the following:

a.    Bank Account-2 was opened in or about July 2014
and held by "[Client name] Com. Ind. Corp," a company with a
name similar to the Client that was constituted in Panama on or
about July 7, 2014, approximately a week before the July 15 Wire
Transfer.

b.    On or about July 18, 2014, Bank Account-2 was
credited with $752,384.57 from the Client Account in connection
with the July 15 Wire Transfer.

c.    The beneficial owner of Bank Account-2 was a co-
conspirator not named herein ("CC-1").  Based on my training and
experience, I believe Bank Account-2 was held by a company with
a  name  similar  to  the  Client  in  order  to  create  the  false
impression  that  the  funds  in  the  Client  Account  were  being
transferred to an account beneficially owned by the Client when
in fact such account was beneficially owned by CC-1.

10.  Based on my review of records received from Google,
Inc., I have learned, among other things, the following:

8

a. The Client Email Account was created on or about June 25, 2014, the same day that the Client Email Account was used to send the falsified June 25 Wire Instructions to EVANDRO DOS REIS, Jr., the defendant.

b. On or about June 26, 2014, the Client Email Account was used to register the domain "@[Client]indcom.com.br" with a company in Brazil. Such domain is the same as the domain for the Client-indcom Email Account.

11. Based on my review of Bloomberg chatroom conversations between EVANDRO DOS REIS JR., the defendant, and another Firm employee ("Firm Employee-3") on or about June 5, 2014, approximately three weeks prior to the June 25 Wire Instructions and six weeks prior to the July 15 Wire Transfer, I know that DOS REIS stated, in substance and in part, the following:

a. "I have 250$ to live the next 10 days";

b. "[N]obody have money anymore . . . not even mosto of us, the 1%";

c. "[I] am broke . . . absolutely no money . . . i cannot afford anything";

d. "[I] think I might switch sides and become a taker . . . f[uck] this s[hit]"; and

e. That DOS REIS was having difficulties selling his home.

12. Based on my conversation with a United States Customs and Border Protection Officer (the "Officer"), I have learned, among other things, the following:

a. On or about July 11, 2015, EVANDRO DOS REIS JR., the defendant, was requested to participate in a secondary security inspection at the United States border at Newark International Airport in New Jersey after DOS REIS's return to the United States from a trip to Panama, where the company holding Bank Account-2 was constituted.

b. The Officer received consent from DOS REIS to search DOS REIS's mobile phone, and DOS Reis provided the Officer with the passcode to access the contents of the phone.

c.   The Officer performed a cursory search of DOS REIS's phone for the name of the Client, which revealed, among other things, the following:

i.   An email dated June 20, 2014 from DOS REIS forwarding account information for the Client Account to CC-1 from the DOS REIS Personal Email Account.

ii.   An email from DOS REIS to CC-1 that stated the following, in substance and in part: "To [the Firm] Please, I would like you to wire all cash balance in my account, [Client name and Client Account number], according to the instructions below: . . . Please also close my account after wire is done.  Thank you.  Sincerely, . . . Sent by Evandro Dos Reis Jr."  Based on my comparison of the language in this email and the language described above in the June 25 Wire Instructions and the July 15 Wire Instructions, the language is nearly identical in all three documents.  Accordingly, I believe this comparison indicates that DOS REIS was involved in the drafting of the June 25 Wire Instructions and the July 15 Wire Instructions that were falsely submitted on behalf of the Client to DOS REIS and subsequently transmitted by DOS REIS to Firm Employee-2 to be executed.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of EVANDRO DOS REIS JR., the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

Christopher S. Delzotto
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18th day of August, 2015

THE HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK



Mod AO 442 (09/13) Arrest Warrant     AUSA Name & Telno:  Sagar K. Ravi 212-637-2195

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

United States of America
v.
EVANDRO DOS REIS JR.

)
)
)
)
)
)

Case No.   15 Mag.   15 MAG   2895

_____
*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     EVANDRO DOS REIS JR.

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☑ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)
Wire Fraud (18 U.S.C. § 1343)

Date:  _____ 08/18/2015 _____

_____
*Issuing officer's signature*

City and state:  _____ New York, New York _____

Hon. Debra Freeman, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                   _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

AO 458 (Rev. 01/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

|  |  )  |
|---|---|
| _____Plaintiff | ) |
| v. | )   Case No.  1.5 M 2895 |
| Evandro Dos Reis Jr | ) |
| _____Defendant | ) |

### APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am authorized to practice in this court, and I appear in this case as counsel for:

_____

Date:   8/26/15                          _____
                                                         *Attorney's signature*

                                              ARTHUR  S.  GREENSPAN
                                              _____
                                                   *Printed name and bar number*

                                              Richards Kibbe + Orbe
                                              _____
                                                                *Address*
                                              200 Liberty Street, NY 10281
                                              agreenspan@rkollp.com
                                              _____
                                                         *E-mail address*
                                              212  530  1816
                                              _____
                                                         *Telephone number*
                                              212  530  1801
                                              _____
                                                            *FAX number*

DOCKET No. 15 May 2895   DEFENDANT: Evandro Das Reis Jr

AUSA Sggar Ravi   DEF.'S COUNSEL Arthur Greenspan .
☑ RETAINED   ☐ FEDERAL DEFENDERS   ☐ CJA

☐ _____ INTERPRETER NEEDED   ☐ DEFENDANT WAIVES PRE-TRIAL REPORT

☑ Rule 5   ☐ Rule 9   ☐ Rule 5(c)(3)   ☐ Detention Hrg.
☐ Other: _____

DATE OF ARREST 8/20 in ND Ill._____ ☐ VOL. SURR.
TIME OF ARREST _____ ☐ ON WRIT
TIME OF PRESENTMENT 1:10 PM

## BAIL DISPOSITION

☐ DETENTION ON CONSENT W/O PREJUDICE   ☐ DETENTION: RISK OF FLIGHT/DANGER   ☐ SEE ORDER
☐ DETENTION: HEARING SCHEDULED FOR_____
☐ AGREED CONDITIONS OF RELEASE
☐ DEFENDANT RELEASED ON OWN RECOGNIZANCE
☑ $ 100,000 PRB
☑ 2 FRP
☑ SECURED BY $_____ CASH PROPERTY: Def's home in Batavia, Illinois
☑ TRAVEL RESTRICTED TO SDNY/EDNY/ NO ILL/PNG — + brothers property 1-Florida
☑ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS) for travel to home
☑ REGULAR PRETRIAL SUPERVISION   ☐ STRICT PRETRIAL SUPERVISION court
☐ DRUG TESTING/TREATMENT   ☑ MENTAL HEALTH EVALUATION/TREATMENT and meetings with govt
☐ HOME INCARCERATION obtain/ ☐ HOME DETENTION   ☐ CURFEW   ☐ ELECTRONIC MONITORING
☑ OTHER CONDITIONS maintain employment
no possession of firearms or dangerous weapon

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☑ DEF. TO BE RELEASED ON OWN SIGNATURE; REMAINING CONDITIONS TO BE MET BY 9/9/15
☐ DEF. TO BE RELEASED UPON SATISFACTION OF FOLLOWING CONDITIONS: _____
_____ ; REMAINING CONDITIONS TO BE MET BY _____

COMMENTS/ADDITIONAL PROCEEDINGS:
All filings in this case Sealed by a Mr of court until further order of the Court

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY   ☐ CONFERENCE BEFORE D.J. ON _____
☐ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL _____

FOR RULE 5(c)(3) CASES:
☐ IDENTITY HEARING WAIVED   ☐ PRELIMINARY HEARING WAIVED
☐ DEFENDANT TO BE REMOVED   ☐ ON DEFENDANT'S CONSENT

DATE FOR PRELIMINARY HEARING 9/28/15   ☒ ON DEFENDANT'S CONSENT

DATE: Aug. 26, 2015   _____
UNITED STATES MAGISTRATE JUDGE, S.D.N.Y.

# UNITED STATES DISTRICT COURT

☐ **ORIGINAL**

for the

Southern District of New York

<table>
<tr><td>United States of America<br>v.<br><br>**EVANDRO DOS REIS Jr.**<br>*Defendant*</td><td>)<br>)<br>)<br>)<br>)</td><td>Case No.   **15 MAG 2895**</td></tr>
</table>

## APPEARANCE BOND

### Defendant's Agreement

I,   **EVANDRO DOS REIS Jr.**    *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )   to appear for court proceedings;
( X )   if convicted, to surrender to serve a sentence that the court may impose; or
( X )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( X ) (1)  This is a personal recognizance bond.

( X ) (2)  This is an unsecured bond of $ _ _ _ _ _ _ _ _ .

( X ) (3)  This is a secured bond of $   **100,000 PRB** _ _ _ _ , secured by:

   ( ) (a) $ _ _ _ _ _ _ _ , in cash deposited with the court.

   ( ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:
     **SECURED BY DEFT'S HOME IN BATAVIA, ILLINOIS, AND BROTHER'S HOME IN FLORIDA**

     If this bond is secured by real property, documents to protect the secured interest may be filed of record.

   ( ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

AO 98 (Rev. 12/11) Appearance Bond

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:    **8/26/2015**

              *Defendant's signature:* **EVANDROS DOS REIS, Jr.**

        *Surety/property owner – printed name:*

              *Surety/property owner – signature and date*

        *Surety/property owner – printed name:*

              *Surety/property owner – signature and date*

        *Surety/property owner – printed name*

              *Surety/property owner – signature and date*

*CLERK OF COURT*

Date:   **8/26/2015**

              *Signature of Clerk or Deputy Clerk*

Approved.

Date:  **8/26/15**

              *AUSA:* **SAGAR RAVI**

AO 98 (Rev. 12/11) Appearance Bond

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)    all owners of the property securing this appearance bond are included on the bond;

(2)    the property is not subject to claims, except as described above; and

(3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:    8/26/2015

*Defendant's Attorney:* EVANDROS DOS REIS, Jr.

FABIO GRIGOLETO DOS REIS
*Surety/property owner – printed name:*

*Surety/property owner – signature and date*   9/1/15

*Surety/property owner – printed name:*

*Surety/property owner – signature and date*

*Surety/property owner – printed name*

*Surety/property owner – signature and date*

CLERK OF COURT

Date.   8/26/2015

*Signature of Clerk or Deputy Clerk*

Approved.

Date:  8/26/15

*AUSA:* SAGAR RAVI



SEP-01-2015 03:34PM FROM-USDC ROOM 392 3055235289 T-245 P-004/008 F-980
Case 1:19-mj-05139-UA Document 1 Filed 05/29/19 Page 18 of 42

Page 2

AO 98 (Rev. 12/11) Appearance Bond

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)     all owners of the property securing this appearance bond are included on the bond;

(2)     the property is not subject to claims, except as described above; and

(3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:      8/26/2015

Defendant's signature EVANDROS DOS REIS, Jr.

X   FABIO  GRIGOLETO  DOS REIS
Surety/property owner – printed name:

X   9/1/15
Surety/property owner – signature and date

Surety/property owner – printed name:

Surety/property owner – signature and date

Surety/property owner – printed name

Surety/property owner – signature and date

CLERK OF COURT

Date:      8/26/2015

Signature of Clerk or Deputy Clerk

Approved.

Date:    8/26/15

AUSA: SAGAR RAVI



AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    Page 1 of ____  ____ Pages

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | Case No. | **15 MAG 2895** |
| | ) | | |
| **EVANDRO DOS REIS, Jr.** | ) | | |
| *Defendant* | ) | | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
*Place*

_____

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:

Person or organization ______________________________

Address *(only if above is an organization)* ______________________________

City and state ______________________________ Tel. No. ______________

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: ______________________________ *Custodian* ______________ *Date*

( X ) (7) The defendant must:

( X ) (a) submit to supervision by and report for supervision to the **REGULAR PRETRIAL SUPERVISION** ____ ,
telephone number ____________ , no later than ______________ .

( ) (b) continue or actively seek employment.

( ) (c) continue or start an education program.

( X ) (d) surrender any passport to: **PSA (& NO NEW APPLICATIONS)** ______________

( X ) (e) not obtain a passport or other international travel document.

( X ) (f) abide by the following restrictions on personal association, residence, or travel: **SDNY/EDNY; D NJ & ND ILL** ______________

( ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: ______________________________

( X ) (h) get medical or psychiatric treatment: **MENTAL HEALTH EVALUATION/TREATMENT** ______________

( ) (i) return to custody each ______ at ____ o'clock after being released at ______ o'clock for employment, schooling, or the following purposes: ______________________________

( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ) (k) not possess a firearm, destructive device, or other weapon.

( ) (l) not use alcohol ( ) at all ( ) excessively.

( ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical medical practitioner.

( ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.

( ) (i) **Curfew.** You are restricted to your residence every day ( ) from ________ to ________ , or ( ) as directed by the pretrial services office or supervising officer; or

( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**ADDITIONAL CONDITIONS OF RELEASE**

$100,000 PRB TO BE CO-SIGNED BY 2 FINANCIALLY RESPONSIBLE PERSONS; SECURED BY PROPERTY; DEFT'S HOME IN BATAVIA, ILLINOIS, & BROTHER'S HOME IN FLORIDA; TRAVEL LIMITED TO SDNY/EDNY; NORTHERN DISTRICT OF ILLINOIS, & DISTRICT OF NEW JERSEY FOR TRAVEL TO COURT AND MEETINGS WITH GOV'T; REGULAR PRETRIAL SUPERVISION; MENTAL HEALTH EVALUATION/TREATMENT; OBTAIN/MAINTAIN EMPLOYMENT; NO POSSESSION OF FIREARM OR OTHER DANGEROUS WEAPONS; DEFT TO BE RELEASED ON OWN SIGNATURE; REMAINING

( X ) (s) CONDITIONS TO BE MET BY 9/9/15

AO 199C   (Rev. 09/08) Advice of Penalties                                                                Page _ _ _ of _ _ _ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:   *EVANDRO DOS REIS, Jr.   15 MAG 2895*
                                                                        *8/26/15*

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

        Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

        While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

        It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

        If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

        (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
        (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
        (3)  any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
        (4)  a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

        A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

**DEFENDANT RELEASED**

**Defendant Released**

                                                                        _____
                                                                        *Defendant's Signature*

                                                                        _____
                                                                        *City and State*

### Directions to the United States Marshal

(    )  The defendant is ORDERED released after processing.
(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _ _ _ _ _ _ _ _ _        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                        *Judicial Officer's Signature*

                                                        _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                        *Printed name and title*

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL



**Southern District of New York**

The Bronx
Manhattan
Westchester
Rockland
Dutchess
Orange
Putnam
Sullivan

**Eastern District of New York**

Brooklyn (Kings County)
Queens (Queens County)
Staten Island (Richmond County)
Long Island (Nassau & Suffolk)

ND ILL SDNJ

DOCKET No. 15 May 2895   DEFENDANT: Evandro Das Reis Jr

AUSA Sggar Ravi   DEF.'S COUNSEL Arthur Greenspan.
☒ RETAINED   ☐ FEDERAL DEFENDERS   ☐ CJA

☐ _____ INTERPRETER NEEDED   ☐ DEFENDANT WAIVES PRE-TRIAL REPORT

☒ Rule 5   ☐ Rule 9   ☐ Rule 5(c)(3)   ☐ Detention Hrg.   DATE OF ARREST 8|20 in ND Ill.   ☐ VOL. SURR.
TIME OF ARREST _____   ☐ ON WRIT
☐ Other: _____   TIME OF PRESENTMENT 1:10 P M

## BAIL DISPOSITION

☐ DETENTION ON CONSENT W/O PREJUDICE   ☐ DETENTION: RISK OF FLIGHT/DANGER   ☐ SEE ORDER
☐ DETENTION: HEARING SCHEDULED FOR _____
☐ AGREED CONDITIONS OF RELEASE
☐ DEFENDANT RELEASED ON OWN RECOGNIZANCE
☑ $ 100,000 ___ PRB
☑ 2 ___ FRP
☑ SECURED BY $ _____   CASH PROPERTY: Def's home in Batavia, Illinns
☑ TRAVEL RESTRICTED TO SDNY/EDNY/ NO ILL/DNG   t brother's property 1- Florida
☑ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)  for travel to home
☑ REGULAR PRETRIAL SUPERVISION   ☐ STRICT PRETRIAL SUPERVISION court
☐ DRUG TESTING/TREATMENT   ☑ MENTAL HEALTH EVALUATION/TREATMENT and meetings with govt
☐ HOME INCARCERATION , train/ ☐ HOME DETENTION   ☐ CURFEW   ☐ ELECTRONIC MONITORING
☑ OTHER CONDITIONS _ maintn employment
_ no possession of firearm or dangerous weapon _

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☑ DEF. TO BE RELEASED ON OWN SIGNATURE; REMAINING CONDITIONS TO BE MET BY  9/9/15
☐ DEF. TO BE RELEASED UPON SATISFACTION OF FOLLOWING CONDITIONS: _____
_____ ; REMAINING CONDITIONS TO BE MET BY _____

COMMENTS/ADDITIONAL PROCEEDINGS:
All filings in this case
Sealed by a Mtn of court until
further order of the Court

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY   ☐ CONFERENCE BEFORE D.J. ON _____
☐ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL _____

FOR RULE 5(c)(3) CASES:
☐ IDENTITY HEARING WAIVED   ☐ PRELIMINARY HEARING WAIVED
☐ DEFENDANT TO BE REMOVED   ☐ ON DEFENDANT'S CONSENT

DATE FOR PRELIMINARY HEARING  9/28/15   ☒ ON DEFENDANT'S CONSENT

DATE: Aug. 26, 2015

UNITED STATES MAGISTRATE JUDGE, S.D.N.Y.

 RICHARDS KIBBE & ORBE LLP



September 18, 2015

Arthur S. Greenspan
D 212.530 1816
F 917.344.8816
agreenspan@rkollp com

**FILED BY HAND**
**FILED UNDER SEAL**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**DOC #_____**

Re:    U.S. v. Evandro dos Reis Jr., 15 MAG 2895

Dear Judge Netburn:

We represent Defendant Evandro dos Reis Jr. in the above-captioned matter and write, respectfully, to request a limited lifting of the travel restrictions imposed by the Court's August 26, 2015 Order Setting Conditions of Release ("Bail Order") (copy enclosed), so as to allow Mr. dos Reis to travel to the Southern District of Florida between Wednesday September 23, 2015 and Friday, September 25, 2015. Mr. dos Reis' current bail conditions restrict his travel to the Southern and Eastern Districts of New York, the District of New Jersey, and the Northern District of Illinois, where he resides. The Government does not object to this request.

The Bail Order requires Mr. dos Reis, who is currently unemployed, to "obtain/maintain employment." In an effort to comply with this requirement, Mr. Dos Reis has pursued various employment leads and job interviews. This past week, Mr. Dos Reis was invited by a potential employer to a meeting next Thursday in Miami, Florida to discuss a potential job opportunity. If he were unable to attend this meeting, Mr. Dos Reis would likely lose this opportunity to obtain employment.

We thank the Court for its attention to this matter, and are available to answer any questions the Court may have.

Sincerely,

Arthur S. Greenspan

(Enclosure)

cc:    AUSA Sagar K. Ravi (*By Email*)

*application granted. So Ordered*
*9/18/15*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ロ **ORIGINAL**

----------------------------------------------------------X

UNITED STATES OF AMERICA                     :

                                           :

                   v.                                    :

EVANDRO DOS REIS JR.,                        :

                                        :

                        *Defendant.*      :

----------------------------------------------------------X

**Affirmation in Support of Application for an Order of Continuance**

**Sealed**

**15 Mag. 2895**

State of New York              )
County of New York          ) ss.:
Southern District of New York  )

      Sagar K. Ravi, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

      1.      I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York. I submit this affirmation in support of an application for an order of continuance of the time within which an indictment or information would otherwise have to be filed, pursuant to 18 U.S.C. § 3161(h)(7)(A). This is the first order of continuance that has been sought

      2.      The defendant was charged with violations of 18 U.S.C. §§ 1343, 1349 and 2 in a Complaint dated August 18, 2015. The defendant was arrested on August 20, 2015 in or around Batavia, Illinois and presented before Magistrate Judge Mary M. Rowland in the Northern District of Illinois on August 20, 2015 pursuant to Federal Rule of Criminal Procedure 5(c)(3).

      3.      The defendant was presented before Magistrate Judge James L. Cott in the Southern District of New York on August 26, 2015. The defendant was released on a $100,000 personal recognizance bond co-signed by two financially responsible persons and secured by two

properties and other agreed upon conditions of release. Arthur Greenspan, Esq. has been
retained as defense counsel. Under the Speedy Trial Act, the Government initially was required
to file an indictment or information on or before September 28, 2015.

4.     Mr. Greenspan and I are engaged in discussions concerning a possible disposition
of this case and are continuing discussions concerning a possible disposition of this case. The
negotiations have not been completed, and we plan to continue our discussions but do not
anticipate a resolution before the deadline under the Speedy Trial Act expires on September 28,
2015.

5.     Therefore, the Government is requesting a continuance until October 28, 2015 to
continue the aforementioned discussions and reach a disposition of this matter. I have personally
communicated with defense counsel and he consents to this request.

6.     For the reasons stated above, the ends of justice served by the granting of the
requested continuance outweigh the best interests of the public and defendant in a speedy trial.

Dated: New York, New York
       September 28, 2015

Sagar K. Ravi
Assistant United States Attorney
(212) 637-2195

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

UNITED STATES OF AMERICA                    :

                                            :

              v.                            :

                                            :

EVANDRO DOS REIS JR.,                       :

                                            :

                         *Defendant.*       :

----------------------------------------------------------X

**☐ ORIGINAL**

**Order of Continuance**

**Sealed**

2945

15 Mag. 2985

Upon the application of the United States of America and the affirmation of Sagar

K. Ravi, Assistant United States Attorney for the Southern District of New York, it is found that

the defendant was charged with violations of Title 18, United States Code, Sections 1343, 1349

and 2 in a Complaint dated August 18, 2015;

It is further found that the defendant was arrested on August 20, 2015 in or around

Batavia, Illinois and presented before Magistrate Judge Mary M. Rowland in the Northern

District of Illinois on August 20, 2015 pursuant to Federal Rule of Criminal Procedure 5(c)(3) ;

It is further found that the defendant was presented before Magistrate Judge James

L. Cott in the Southern District of New York on August 26, 2015;

It is further found that the defendant was released on a $100,000 personal

recognizance bond co-signed by two financially responsible persons and secured by two

properties and other agreed upon conditions of release, and that Arthur Greenspan, Esq. has been

retained as defense counsel;

It is further found that, under the Speedy Trial Act, the Government was initially

required to file an indictment or information on or before September 28, 2015;

It is further found that Assistant United States Attorney Sagar K. Ravi and Mr.
Greenspan have engaged in discussions concerning a possible disposition of this case and are
continuing discussions concerning a possible disposition of this case;

It is further found that the Government has requested a continuance to engage in
further discussions with defense counsel about the disposition of this case and that the defendant,
through counsel, has consented to such a continuance and has specifically waived his right to be
charged in an indictment or information for an additional period not to exceed 30 days;

It is further found that the granting of such a continuance best serves the ends of
justice and outweighs the best interests of the public and the defendant in a speedy trial; and
therefore it is

ORDERED that the request for a continuance pursuant to 18 U.S.C.
§ 3161(h)(7)(A) is hereby granted until October 28, 2015, and that a copy of this Order and the
affirmation of Assistant United States Attorney Sagar K. Ravi be served via electronic mail on
this date on counsel for the defendant by the United States Attorney's Office.

Dated: New York, New York
       September 28, 2015

HONORABLE MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

2

ORIGINAL

Approved: _____
          JACOB H. GUTWILLIG
          Assistant United States Attorney

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :
                                  :
     - v. -                       :
                                  :    RULE 5(c)(3)
EDWARD CANTY III,                 :    AFFIDAVIT
     a/k/a "Demo,"                :
                                  :
              Defendant.          :

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss:

        JOHN BASSO, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

        On or about March 18, 2019, the United States District
Court for the District of Maine issued a warrant for the arrest
of "Edward Canty III" a/k/a "Demo" in connection with a sealed
superseding indictment under case number 18-cr-143-JDL alleging
that "Edward Canty III" a/k/a "Demo" has violated Title 21,
United States Code, Sections 846, 841(a)(1), 841(b)(1)(B),
841(b)(1)(C), and Title 18, United States Code, Section 2.
Copies of the superseding indictment and the arrest warrant are
attached hereto and incorporated by reference herein.

        I believe that EDWARD CANTY III the defendant, who was
arrested by the FBI on or about May 28, 2019, in the Southern
District of New York, is the same individual as "Edward Canty
III" a/k/a "Demo" who is wanted in the District of Maine.

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1.     I am a Special Agent with the FBI.  I have been directly involved in determining whether EDWARD CANTY III, the defendant, is the same individual as the "Edward Canty III" a/k/a "Demo," named in the March 18, 2019, arrest warrant from the United States District Court for the District of Maine. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned.  Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2.     Based on my review of documents from proceedings in the United States District Court for the District of Maine, I have learned that:

        a.     On or about March 18, 2019, the United States District Court for the District of Maine issued a warrant for the arrest of "Edward Canty III" a/k/a "Demo."

        b.     The warrant was issued in connection with criminal case number 18-cr-143-JDL, and the warrant is based on an indictment alleging that "Edward Canty" a/k/a "Demo," has violated Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2.

3.     Based on my personal involvement in this investigation, I am aware that at approximately 7:30 p.m. on or about May 28, 2019, EDWARD CANTY III, the defendant, was arrested by the FBI in the Bronx, New York, pursuant to the warrant issued by the United States District Court for the District of Maine.

4.     I have compared (a) a law enforcement photograph of the "Edward Canty III" a/k/a "Demo" wanted by the United States District Court for the District of Maine and (b) my personal observation of CANTY III.  I believe that the persons depicted in the photographs and EDWARD CANTY III, the defendant, are one and the same.

2

      5.    Accordingly, based on my review of law enforcement records in this case and my personal observations of EDWARD CANTY III, the defendant, I believe that he is the person wanted by the United States District Court for the District of Maine.

      WHEREFORE, deponent prays that EDWARD CANTY III, the defendant, be imprisoned or bailed as the case may be.

                               JOHN BASSO
                               Special Agent
                               Federal Bureau of Investigation

Sworn to before me this
29th day of May, 2019.

THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

3

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
for the
District of Maine

2019 MAR 18 P 4: 00

United States of America

v.

EDWARD CANTY III
a/k/a "Demo"

DEPUTY CLERK

Case No.  2:18-cr-00143-JDL-006

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)*     Edward Canty III                                                                                                  ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND HEROIN AND AIDING AND ABETTING 21:846 AND 841(a)1) AND 18:2

A TRUE COPY
ATTEST: Christe K Berry Clerk

By: _____
Deputy Clerk

Date:     03/18/2019

_____
*Issuing officer's signature*

City and state:     Portland, ME

Stacey L. Graf, Deputy Clerk
_____
*Printed name and title*

| Return |
| --- |
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____    _____<br>*Arresting officer's signature* |
| _____<br>*Printed name and title* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**
PORTLAND
RECEIVED & FILED

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | 2019 MAR 15  P) 5: 15 |
| v. | ) |
| | ) |
| | DEPUTY CLERK |
| AKEEM CRUZ | )   Crim. No. 2:18-cr-143-JDL |
| a/k/a "Vybe" and "Mello" | ) |
| SIERRHA FRISBIE | )   21 U.S.C. §§ 846, 841(a)(1), |
| a/k/a "CiCi" | )   841(b)(1)(B), 841(b)(1)(C), |
| CHRISTOPHER RICKETT | )   and 18 U.S.C. § 2 |
| LAMALE LAWSON | ) |
| a/k/a "Bishop" and "King Bishop" | ) |
| MELQUAN JORDAN | ) |
| a/k/a "Squirrel" | ) |
| EDWARD CANTY III | ) |
| a/k/a "Demo" | ) |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
### Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances

Beginning on a date unknown, but no later than at least the summer of 2015, and continuing until

at least September 8, 2017, in the District of Maine and elsewhere, defendants

**AKEEM CRUZ**
**a/k/a "Vybe" and "Mello,"**
**SIERRHA FRISBIE**
**a/k/a "Cici,"**
**CHRISTOPHER RICKETT**
**LAMALE LAWSON**
**a/k/a "Bishop" and "King Bishop,"**
**MELQUAN JORDAN**
**a/k/a "Squirrel," and**
**EDWARD CANTY III**
**a/k/a "Demo"**

1

knowingly and intentionally conspired with each other and others known and unknown to distribute and possess with intent to distribute controlled substances including a mixture or substance containing cocaine base, and a mixture or substance containing heroin, and did aid and abet the same, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2.

## QUANTITY OF
## HEROIN INVOLVED IN THE CONSPIRACY

With respect to defendants **AKEEM CRUZ, LAMALE LAWSON, MELQUAN JORDAN and EDWARD CANTY III,** their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved 100 grams or more of a mixture or substance containing heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to defendants **SIERRHA FRISBIE and CHRISTOPHER RICKETT,** their conduct as members of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved a quantity of a mixture or substance containing heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

Thus, the Defendants violated Title 21, United States Code, Sections 846 and 841(a)(1).

Date: 3/15/19

_____
Assistant United States Attorney

A TRUE BILL,

Signature redacted. Original on file.

Grand Jury Foreperson

2

ORIGINAL

Approved: _____
          JACOB H. GUTWILLIG
          Assistant United States Attorney

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :
                                    :
      - v. -                        :
                                    :   RULE 5(c)(3)
EDWARD CANTY III,                   :   AFFIDAVIT
      a/k/a "Demo,"                 :
                                    :
                  Defendant.        :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss:

        JOHN BASSO, being duly sworn, deposes and says that he
is a Special Agent with the Federal Bureau of Investigation
("FBI"), and charges as follows:

        On or about March 18, 2019, the United States District
Court for the District of Maine issued a warrant for the arrest
of "Edward Canty III" a/k/a "Demo" in connection with a sealed
superseding indictment under case number 18-cr-143-JDL alleging
that "Edward Canty III" a/k/a "Demo" has violated Title 21,
United States Code, Sections 846, 841(a)(1), 841(b)(1)(B),
841(b)(1)(C), and Title 18, United States Code, Section 2.
Copies of the superseding indictment and the arrest warrant are
attached hereto and incorporated by reference herein.

        I believe that EDWARD CANTY III the defendant, who was
arrested by the FBI on or about May 28, 2019, in the Southern
District of New York, is the same individual as "Edward Canty
III" a/k/a "Demo" who is wanted in the District of Maine.

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am a Special Agent with the FBI. I have been directly involved in determining whether EDWARD CANTY III, the defendant, is the same individual as the "Edward Canty III" a/k/a "Demo," named in the March 18, 2019, arrest warrant from the United States District Court for the District of Maine. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2. Based on my review of documents from proceedings in the United States District Court for the District of Maine, I have learned that:

a. On or about March 18, 2019, the United States District Court for the District of Maine issued a warrant for the arrest of "Edward Canty III" a/k/a "Demo."

b. The warrant was issued in connection with criminal case number 18-cr-143-JDL, and the warrant is based on an indictment alleging that "Edward Canty" a/k/a "Demo," has violated Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2.

3. Based on my personal involvement in this investigation, I am aware that at approximately 7:30 p.m. on or about May 28, 2019, EDWARD CANTY III, the defendant, was arrested by the FBI in the Bronx, New York, pursuant to the warrant issued by the United States District Court for the District of Maine.

4. I have compared (a) a law enforcement photograph of the "Edward Canty III" a/k/a "Demo" wanted by the United States District Court for the District of Maine and (b) my personal observation of CANTY III. I believe that the persons depicted in the photographs and EDWARD CANTY III, the defendant, are one and the same.

2

5.    Accordingly, based on my review of law
enforcement records in this case and my personal observations of
EDWARD CANTY III, the defendant, I believe that he is the person
wanted by the United States District Court for the District of
Maine.

WHEREFORE, deponent prays that EDWARD CANTY III, the
defendant, be imprisoned or bailed as the case may be.

JOHN BASSO
Special Agent
Federal Bureau of Investigation

Sworn to before me this
29th day of May, 2019.

THE HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

3

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
PORTLAND the
RECEIVED & FILED
for the
District of Maine

2019 MAR 18 P 4: 00

United States of America

v.

EDWARD CANTY III
a/k/a "Demo"

DEPUTY CLERK

)
)
)
)
)
)

Case No.   2:18-cr-00143-JDL-006

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Edward Canty III                                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND HEROIN AND AIDING
AND ABETTING 21:846 AND 841(a)1) AND 18:2

A TRUE COPY
ATTEST: Christa K Berry, Clerk

By: _____
                              Deputy Clerk

Date:     03/18/2019

_____
*Issuing officer's signature*

City and state:     Portland, ME

Stacey L. Graf, Deputy Clerk
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                                              _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

UNITED STATES OF AMERICA       2019 MAR 15  P 5: 15

v.

DEPUTY CLERK

AKEEM CRUZ                                                    Crim. No. 2:18-cr-143-JDL
   a/k/a "Vybe" and "Mello"
SIERRHA FRISBIE                                              21 U.S.C. §§ 846, 841(a)(1),
   a/k/a "CiCi"                                              841(b)(1)(B), 841(b)(1)(C),
CHRISTOPHER RICKETT                                    and 18 U.S.C. § 2
LAMALE LAWSON
   a/k/a "Bishop" and "King Bishop"
MELQUAN JORDAN
   a/k/a "Squirrel"
EDWARD CANTY III
   a/k/a "Demo"

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE
### Conspiracy to Distribute and to Possess With Intent to Distribute Controlled Substances

Beginning on a date unknown, but no later than at least the summer of 2015, and continuing until

at least September 8, 2017, in the District of Maine and elsewhere, defendants

**AKEEM CRUZ**
**a/k/a "Vybe" and "Mello,"**
**SIERRHA FRISBIE**
**a/k/a "Cici,"**
**CHRISTOPHER RICKETT**
**LAMALE LAWSON**
**a/k/a "Bishop" and "King Bishop,"**
**MELQUAN JORDAN**
**a/k/a "Squirrel," and**
**EDWARD CANTY III**
**a/k/a "Demo"**

1

knowingly and intentionally conspired with each other and others known and unknown to

distribute and possess with intent to distribute controlled substances including a mixture or

substance containing cocaine base, and a mixture or substance containing heroin, and did aid and

abet the same, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and Title

18, United States Code, Section 2.

## QUANTITY OF
## HEROIN INVOLVED IN THE CONSPIRACY

With respect to defendants **AKEEM CRUZ, LAMALE LAWSON, MELQUAN**

**JORDAN and EDWARD CANTY III,** their conduct as members of the conspiracy charged in

Count One, which includes the reasonably foreseeable conduct of other members of the narcotics

conspiracy charged in Count One, involved 100 grams or more of a mixture or substance

containing heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to defendants **SIERRHA FRISBIE and CHRISTOPHER RICKETT,**

their conduct as members of the conspiracy charged in Count One, which includes the

reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count

One, involved a quantity of a mixture or substance containing heroin, in violation of Title 21,

United States Code, Section 841(b)(1)(C).

Thus, the Defendants violated Title 21, United States Code, Sections 846 and 841(a)(1).

A TRUE BILL,

Date: 3/15/19

Signature redacted. Original on file.

Grand Jury Foreperson

Assistant United States Attorney

2